### WORDEN and another v. SEARLS.

*(Circuit Court, D. New Jersey. July 22, 1884.)*

1. PATENT LAW—JUDGMENT IN TRIAL OF SAME ISSUES BEFORE ANOTHER COURT.
In hearing a case formerly tried before another court, no new question being suggested or newly-discovered evidence adduced, the judgment of the former court should be assumed to have been correct.
2. SAME—PATENT WHIP-HOLDERS—INVALID CLAIM—COSTS—REV. ST. § 4922.
The invalidity of a new claim in a reissue does not render a patent void or impair the validity of the first claim, and suits may be maintained on the parts which the patentee is entitled to hold, although if such suits are commenced before a disclaimer is entered no costs can be recovered.

In Equity.
*Sprague & Hunt,* for complainants.
*T. P. Fitch,* for defendant.

NIXON, J. This is a suit in equity, brought for the infringement of the first, second, and third claims of certain reissued letters patent, dated February 18, 1879, and numbered 8,581, for "improve-

ment in whip-holders." The original letters patent, No. 70,075, were issued October 22, 1867, with a single claim, as follows:

"The shape and construction of the whip-holder, and the connection of the two sectional halves by hinges or joints, in such a manner as to hold the whip, when inserted, closely and firmly, by clasping the same at the top and bottom of the holder at the same time, the holder being formed of metal, cast or pressed into proper shape, substantially as and for the purpose set forth and described."

In the reissue four claims are substituted for the one claim of the original, as follows:

"(1) A whip-holder consisting of the parts, A, B, of double conical shape, and connected together at the bilge by a pivotal joint, substantially as described. (2) A whip-holder divided throughout its length into two parts hinged together, so that the holder will disclose a large opening for the reception of the whip, and will be closed at its top around the whip when the same is inserted into the holder, substantially as set forth. (3) A whip-holder composed of two parts hinged together, with the inner edges of each part cut away from the point of hinging to the ends, to allow the parts to work upon the joints, without overlapping each other, substantially as described. (4) A whip-holder composed of two parts of double conical shape, hinged together as described, and wherein one of the halves of the holder is provided with loops or fastenings, by means of which the holder is attached to a carriage seat or dash-board, substantially as specified."

In the case of *Worden* v. *Fisher*, pending in the Sixth circuit, and reported in 11 Fed. Rep. 505, his honor, Judge Brown, seems to have carefully considered the question of the validity of this reissue, and he came to the conclusion (1) that the first, second, and third claims were valid,—regarding them as not expanding the claim of the original patent, but only making it more definite and particular; and (2) that the fourth claim was void because it embraced loops or fastenings, by means of which the holder was attached to the carriage or dasher, the same being a mechanical contrivance that appeared nowhere in the original patent.

The present action is brought against the person who was the manufacturer of the whip-sockets which, in the above case, were adjudged to infringe the reissued letters patent of the complainants. We have the same issues here which were passed upon by the circuit court there. No new question has been suggested, or newly-discovered evidence adduced, tending to change or modify the adjudication in that case. Under these circumstances I am not willing to sit in review of the decision of the learned judge who determined the case, but feel myself bound to assume that he was correct in finding the reissue valid as to the first three claims, and that the whip-sockets manufactured by the defendant infringe the complainant's patent.

But another and more difficult question has been brought to my attention. The decree in *Worden* v. *Fisher*, *supra*, was entered February 7, 1882, in which the court decided against the validity of the fourth claim. This suit was commenced about a month afterwards.

in March of the same year.    When the cause came on for final hearing, the counsel for the defendants moved to dismiss it, on the ground that the complainant had been guilty of unreasonable delay in entering a disclaimer to the fourth claim, which had been adjudicated void.    The motion was based on section 4922 of the Revised Statutes, which provides that whenever, through inadvertence, accident, or mistake, and without any willful default, or intent to defraud the public, a patentee has, in his specification, claimed to be the original and first inventor of any material or substantial part of the thing patented, of which he was not the original and first inventor, such patentee may maintain a suit at law or in equity for the infringement of any part thereof, which was *bona fide* his own, if it is a material part of the thing patented, and distinguishable from the parts claimed without right.    But in every such case no costs shall be recovered unless the proper disclaimer has been entered in the patent-office before the commencement of the suit; and no patentee shall be entitled to the benefits of the section if he has unreasonably neglected or delayed to enter a disclaimer.    In answer to such a motion, it might, perhaps, be sufficient to say, as was said by Justices NELSON and HALL in *Burden* v. *Corning*, 2 Fisher, 498, that 'the defense of unreasonable neglect or delay in filing a disclaimer must be set up in the answer before it can be considered by the court.    But if that be waived as technical, the statute certainly requires that the part of the thing patented which is claimed without right, must be a material and substantial part of the invention, in order to render a disclaimer necessary.    It was so held in *Hall* v. *Wiles*, 2 Blatchf. C. C. 194, and the decision has been since approved and followed.

The rejected claim in the reissue does not embrace any material or substantial part of the invention secured by the original patent.    It has been declared void because it was not in the original specification and claim.    It refers mainly to the method of attaching or fastening the whip-socket to the carriage or dash-board, and is no part of the socket itself, which embodies the invention patented.    No complaint is made as to its infringement.    It was not included in the pending suit, and hence the defendants have not been prejudiced in the defenses set up in their answer for want of a disclaimer.

The case of *Gage* v. *Herring*, 107 U. S. 646, S. C. 2 Sup. Ct. Rep. 819, is an authority for holding that the invalidity of a new claim in a reissue does not render the patent void or impair the validity of the first claims, and that suits may be maintained on the parts which the patentee is entitled to hold, although if such suits are commenced before a disclaimer is entered no costs can be recovered.

The complainants are entitled to a decree, without costs, and it is ordered accordingly.